ORIGINAL

# United States Court of Federal Claims

No. 18-1200 L
Filed: August 24, 2018

| | |
|---|---|
| CHRIS JAYE,  )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | **FILED**<br><br>AUG 24 2018<br><br>U.S. COURT OF<br>FEDERAL CLAIMS |

**ORDER**

On August 8, 2018, plaintiff Chris Jaye, proceeding *pro se*, filed a complaint with this Court. In her complaint, plaintiff appears to seek review of alleged wrongs by state actors perpetrating a plethora of acts against her. Plaintiff's complaint asks the Court of Federal Claims to "make void all rulings involving all takings which have been given benefit by the United States," among other requests pertaining to her allegations including asking this Court to "order sanctions sought against counsel." Complaint (hereinafter "Compl.") at 30-33.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). In the present case, plaintiff alleges many different violations against the United States. While plaintiff claims that "takings" were committed against her by federal officials, plaintiff's complaint lacks any factual basis for a taking. Additionally, plaintiff states that this action is "NOT AN APPEAL." Compl. at 4. However, plaintiff's argument depends on her assertion that federal courts previously upheld allegedly void judgments made by state courts. *See generally*, Compl. Therefore, plaintiff's complaint is, in essence, an appeal. It is well settled that this Court has no jurisdiction to entertain appeals of state court judgments. *Potter v. United States*, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this

7016 3010 0000 4308 4843

Court has subject-matter jurisdiction. This Court has no authority to decide plaintiff's case, and therefore must dismiss the complaint pursuant to RCFC 12(h)(3).

Plaintiff's complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

Loren A. Smith
Senior Judge